IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **OLUWATOYIN GIDEON ABORISADE,** | * |
| Plaintiff, | * |
| v. | *   Civil No. SAG-23-02053 |
| **CHRISTINA KENNY,** *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Oluwatoyin Gideon Aborisade ("Plaintiff"), who is self-represented, filed an amended complaint against three federal law enforcement agents, Christina Kenny, Joe Jenkins, and Peter Giannakos, a federal prosecutor, Jonathan Lenzner, and a federal pretrial services officer, Nicholas Luko. ECF 18. Plaintiff's amended complaint asserts claims under the First, Fourth, Fifth and Eighth Amendments to the United States Constitution relating to his arrest on federal charges in August 2021 and his conditions of pretrial supervision. *Id.* Defendants have filed a motion to dismiss, ECF 30, which Plaintiff has opposed, ECF 38. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendants' motion to dismiss must be granted and Plaintiff's Amended Complaint must be dismissed in its entirety.

I.  **FACTUAL BACKGROUND**

The following facts are derived from the Amended Complaint, ECF 18, and assumed be true for purposes of this motion. On or around August 18, 2021, officers executed an arrest warrant at Plaintiff's home. *Id.* ¶¶ 2, 3. One agent, Joe Jenkins, arrested plaintiff at gunpoint, dragged Plaintiff into his home office, and verbally abused Plaintiff while another agent, Christina Kenny, was watching. *Id.* ¶ 3.

Plaintiff was ordered detained at his initial court proceeding and sent to the Chesapeake Detention Facility, operated by the Maryland Department of Public Safety and Corrections. *Id.* ¶ 4. An officer at that facility erroneously diagnosed Plaintiff with tuberculosis, leading him to be sent to an isolation center at another facility. *Id.* ¶ 5. Plaintiff developed other health conditions at the isolation center. *Id.*

Plaintiff asserts that "[t]he prosecutors and Nicholas Luko" did not allow Plaintiff to go to church."[1] *Id.* ¶ 6. Plaintiff also alleges that he developed pain and issues in his right leg where Mr. Luko placed his ankle monitoring device, eventually leading to leg weakness, a fall, and serious injury. *Id.*

Plaintiff also asserts that on August 18, 2021, at the time of his arrest, Officers Kenny, Jenkins, and Giannakos improperly seized property belonging to his family members and also seized his office equipment and documents. *Id.* ¶¶ 8-9.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule

---

[1] To make sense of Plaintiff's allegations, this Court takes judicial notice of docket filings in Plaintiff's criminal case in this courthouse, *United States v. Aborisade*, Crim. No. 21-299-JRR. At Plaintiff's initial appearance on August 19, 2021, he was ordered detained pretrial. ECF 8. However, the presiding United States Magistrate Judge later reconsidered the order of detention and set release conditions on October 8, 2021, which included supervision by the Pretrial Services Office, required use of location monitoring technology, and allowed Plaintiff to leave his residence for religious services as approved by his probation officer. ECF 23.

8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th

Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.   ANALYSIS

Initially, this Court notes that Plaintiff's Amended Complaint contains no factual allegations regarding any wrongdoing by Defendant Jonathan Lenzner. ECF 18. The only mention of Mr. Lenzner is that the law enforcement agents entered Plaintiff's home as a result of "Jonathan F. Lanzner [sic] order of arrest." *Id*. ¶ 3. As the Amended Complaint does not detail any actions taken by Mr. Lenzner that violate any constitutional rights, the claims against him must be dismissed.

The Amended Complaint alleges generally that federal employees and officers committed constitutional violations in their dealings with Plaintiff.[2] That type of claim is known as a *Bivens* action because it derives from a Supreme Court case decided in 1971, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* complaint must allege that the defendants personally violated a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976).

*Bivens* actions, however, have been curtailed significantly in recent years by the Supreme Court. At present, there are just three contexts in which a private right of action may be properly brought against federal officials for constitutional violations: (1) an arrest and search of a private apartment by Federal Bureau of Narcotics agents in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389; (2) a claim against a former Congressman for sex discrimination on Capitol Hill in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979);

---

[2] While Plaintiff labels his case as presenting a claim "under 42 U.S.C. § 1983," ECF 38 at 1, it is not, because such claims are asserted against state actors. *Tun-Cos v. Perrotte*, 922 F.3d 514, 520 (4th Cir. 2019). Claims against federal officials are *Bivens* claims.

and (3) a claim against Bureau of Prisons officials for failure to provide emergency medical treatment to an inmate in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 19 (1980). The Supreme Court has clearly stated that expanding *Bivens* to any other context "is an extraordinary act that will be unavailable in most every case." *Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023). As the Supreme Court explained just a few weeks ago in *Goldey v. Fields*, 606 U.S. 942, 942-43 (2025):

> After 1980, we have declined more than 10 times to extend *Bivens* to cover other constitutional violations. Those many post-1980 *Bivens* "cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 596 U.S. 482, 486 (2022).

In *Egbert*, the Supreme Court explained that this Court must undertake a two-step process to determine whether a *Bivens* claim can proceed. 596 U.S. at 492. First, the Court must determine whether the case under review is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017). This "new context" standard is "easily satisfied" even if a claim has "significant parallels" to one of the three recognized *Bivens* contexts. *Id.* at 147, 149. Second, if the Court decides that the claim arises in a new context, a *Bivens* claim is unavailable if there is even a single reason indicating that the judiciary might be less well-equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. *Egbert*, 596 U.S. at 492. Since 1980, the Supreme Court has not found that standard to be satisfied and has not expanded *Bivens* remedies to any extent. *See Goldey*, 606 U.S. at 942-43.

This case is no different. One of Plaintiff's four constitutional claims, asserting First Amendment violations, has never been recognized in a *Bivens* context and is inherently a new context. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). And the Supreme Court has expressly decided that the

5

judiciary is less equipped than Congress to address alleged constitutional violations, "especially...when it comes to First Amendment claims." *Egbert*, 596 U.S. at 500.

Plaintiff's Fifth Amendment claims clearly arise in a new context as compared with *Davis*, which addressed sex discrimination on Capitol Hill. *Davis*, 442 U.S. at 230. Plaintiff contests the law enforcement agents' seizure of his family's property and their interference with his ability to operate his business. ECF 18 ¶¶ 8-9. The category of defendants is also new, as the defendants in this case are law enforcement officers, not former Congresspersons. *See Tate*, 54 F.4th at 846. Extending *Bivens* remedies to this type of new situation would have "systemwide consequences" for law enforcement agencies as a result of increased litigation expense, and is therefore within purview of Congress, not the judiciary. *Egbert*, 596 U.S. at 493.

Plaintiff's Eighth Amendment claims are brought against Mr. Luko, a United States Probation Officer, for conduct occurring during Plaintiff's period of pretrial release. The Eighth Amendment therefore does not apply to him, as he was not in custody. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (deciding that the Eighth Amendment did not even apply to a plaintiff in custody as a pretrial detainee). Additionally, though, the only Supreme Court case recognizing a *Bivens* remedy in the Eighth Amendment context is *Carlson*, which addressed the constitutional rights of an inmate in BOP custody. 446 U.S. at 17-20. Plaintiff's case clearly presents a new context. Further, extension of a *Bivens* remedy in the Eighth Amendment context to persons on pretrial supervision, even if possible, would also raise systemwide consequences best addressed by Congress. *See Egbert*, 596 U.S. at 493.

The closest context Plaintiff raises is in his Fourth Amendment claims relating to his arrest and the search of his home. However, even those claims present a "new context" as compared to *Bivens* itself. The agents involved in *Bivens* were from the Federal Bureau of Narcotics. The agents

in Plaintiff's case worked for the United States Citizenship and Immigration Service, Immigration and Customs Enforcement, and the State Department. ECF 18 ¶ 8. Even just this "new category of defendants" is enough to present a "new context" for purposes of extending *Bivens* remedies. *Egbert*, 596 U.S. at 492 Plaintiff also acknowledges that the officers in his case had an "order of arrest," further distinguishing his case from *Bivens*. ECF 18 ¶ 3; *see Annappareddy v. Pascale*, 996 F.3d 120, 135-36 (4th Cir. 2021) (finding that a Fourth Amendment claim involving a warrant is "governed by different legal standards," making the right at issue in a case with a warrant "meaningfully different from the one at issue in *Bivens* itself"). Plaintiff's Fourth Amendment claim therefore presents a "new context" despite its facial similarities with the events in *Bivens*. And there are clearly special factors weighing against extension of the *Bivens* remedy in this circumstance, including the availability of a motion to suppress to remedy any unconstitutional seizure, and the potential increased financial burden on additional law enforcement agencies from making a *Bivens* remedy more widely available. Those factors are best evaluated by Congress, not the Courts.

Because no *Bivens* remedy is available for any of Plaintiff's claims, his claims must be dismissed.[3]

IV.   **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 30, is granted and the Amended Complaint, ECF 18, is dismissed without prejudice. Plaintiff's Motion for Temporary Furlough to Attend Future Court Hearing, ECF 33, is denied as moot. The Clerk is directed to close this case. A separate Order follows.

---

[3] Given the dismissal of Plaintiff's claims, Plaintiff's motion for temporary furlough to attend future court proceedings in this matter, ECF 33, is denied as moot.

Dated: August 11, 2025                                /s/
                                          Stephanie A. Gallagher
                                          United States District Judge